835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul MAHNKEN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3442.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1987.
 
 Before FRIEDMAN and DAVIS, Circuit Judges, and COWEN, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board ("Board"), No. NY07538610457 (MSPB May 21, 1987), affirming the decision of the United States Postal Service ("USPS") to remove Paul Mahnken from his position as distribution clerk for failure to maintain his work schedule (tardiness), is affirmed on the basis of the opinion of the full Board on review of the initial decision.
 
 OPINION
 
 2
 Mahnken first argues that the Board failed to consider important grounds for relief, namely, the "extraordinary atmosphere and conditions, created by USPS ... imposed upon appellant...." Petitioner's Brief, page 2. However, a careful review of the record clearly demonstrates that this argument is without merit.
 
 
 3
 Following the USPS's removal of appellant, an administrative hearing was held. After carefully considering evidence presented by both sides, the administrative law judge ("ALJ") sustained the agency's dismissal based on appellant's repeated tardiness. The ALJ, finding credible Mahnken's supervisor's testimony that Mahnken "never overcame the habit of coming to work three or four hours late," sustained nine (9) instances of tardiness from April 18, 1986, through May 13, 1986, for a total of forty-three (43) hours. Additionally, the ALJ found appellant "evasive[,] .. never directly me[eting] the charge of failing to maintain his work schedule." The full Board affirmed this decision by the ALJ.
 
 
 4
 Second, appellant contends that the Board incorrectly rejected his defense that he was on emergency suspension during the times he reported late to work. It is clear from the record, however, that appellant was told the dates of suspension and the dates on which he was to return to work. Both notices of suspension, dated February 1, 1986, and February 25, 1986, so state, thereby verifying a regular tour of duty. Moreover, appellant presented no credible evidence to the contrary. Thus, the Board properly rejected appellant's defense that he did not have a regular tour of duty since he was on emergency suspension since January 26, 1986.
 
 
 5
 Mahnken next argues that the Board applied incorrect law. Upon reviewing the case law relied upon by the Board, however, it is clear that this argument lacks merit.
 
 
 6
 Finally, Mahnken maintains that the Board failed to consider "all reasons for request for administrative leave in determining 'AWOL.' " Having determined that the Board's decision is clearly supported by the record, we reject the argument.